IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Steve Martin Baggett, Jr., | C/A No.: 1:23-1154-DCC-SVH |
| Plaintiff, | |
| v. | |
| Florence County Detention Center; Emanuel Sipps; Sgt. Diana Quick; Sgt. Chris Neil; Lt. Robin Flemming; Cpt. Lynette Patton; Officer May Owens; Officer Lamant Hicks; Lt. Matusiewicz; Officer Fulmore; and Major Brown, | ORDER AND NOTICE |
| Defendants. | |

Steve Martin Baggett, Jr. ("Plaintiff"), proceeding pro se, filed this complaint pursuant to 42 U.S.C. § 1983 alleging violations of his constitutional rights by Florence County Detention Center ("FCDC"), Emanuel Sipps, Sgt. Diana Quick, Sgt. Chris Neil, Lt. Robin Flemming, Cpt. Lynette Patton, Officer May Owens, Officer Lamant Hicks, Lt. Matusiewicz, Officer Fulmore, and Major Brown ("Defendants"). Pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Civ. Rule 73.02(B)(2)(e) (D.S.C.), the undersigned is authorized to review such complaints for relief and submit findings and recommendations to the district judge.

I.      Factual and Procedural Background

Plaintiff alleges over a period of three years he suffered physical and mental assault. [ECF No. 1 at 6]. He states that he was placed in a disciplinary chair and his collar bone was fractured. He states he was transported to MUSC for his fractured clavicle, but was then sent back to FCDC "where all medical treatment was denied." *Id*. at 7. He seeks 5 million dollars and that all of his charges and prior convictions be expunged. *Id*.

II.     Discussion

   A.   Standard of Review

Plaintiff filed his complaint pursuant to 28 U.S.C. § 1915, which permits an indigent litigant to commence an action in federal court without prepaying the administrative costs of proceeding with the lawsuit. To protect against possible abuses of this privilege, the statute allows a district court to dismiss a case upon a finding that the action fails to state a claim on which relief may be granted or is frivolous or malicious. 28 U.S.C. § 1915(e)(2)(B)(i), (ii). A finding of frivolity can be made where the complaint lacks an arguable basis either in law or in fact. *Denton v. Hernandez*, 504 U.S. 25, 31 (1992). A claim based on a meritless legal theory may be dismissed sua sponte under 28 U.S.C. § 1915(e)(2)(B). *See Neitzke v. Williams*, 490 U.S. 319, 327 (1989).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Pro se

complaints are held to a less stringent standard than those drafted by attorneys. *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978). In evaluating a pro se complaint, the plaintiff's allegations are assumed to be true. *Fine v. City of N.Y.*, 529 F.2d 70, 74 (2d Cir. 1975). The mandated liberal construction afforded to pro se pleadings means that if the court can reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, it should do so. A federal court is charged with liberally construing a complaint filed by a pro se litigant to allow the development of a potentially meritorious case. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007).

The requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts that set forth a claim currently cognizable in a federal district court. *Weller v. Dep't of Soc. Servs.*, 901 F.2d 387, 390–91 (4th Cir. 1990). Although the court must liberally construe a pro se complaint, the United States Supreme Court has made it clear a plaintiff must do more than make conclusory statements to state a claim. *See Ashcroft v. Iqbal*, 556 U.S. 662, 677–78 (2009); *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Rather, the complaint must contain sufficient factual matter, accepted as true, to state a claim that is plausible on its face, and the reviewing court need only accept as true the complaint's factual allegations, not its legal conclusions. *Iqbal*, 556 U.S. at 678–79.

B.  Analysis

    1.  FCDC is not a Person

To state a plausible claim for relief under 42 U.S.C. § 1983,[1] an aggrieved party must sufficiently allege that he was injured by "the deprivation of any [of his or her] rights, privileges, or immunities secured by the [United States] Constitution and laws" by a "person" acting "under color of state law." *See* 42 U.S.C. § 1983; *see generally* 5 Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 1230 (3d ed. 2014). Only "persons" may act under color of state law; therefore, a defendant in a § 1983 action must qualify as a "person." Groups of individuals in a building do not qualify as a "person" who can act under color of state law for purposes of § 1983. *See Kane v. Beaufort Cty Sheriffs Dep't*, C/A No. 9:14-508-RMG, 2015 WL 404570, at *6 n.2 (D.S.C. Jan. 29, 2015) (noting that "[a] department is not a person subject to suit under § 1983"). Here, FCDC is not considered a "person" subject to suit under § 1983, therefore, it is subject to summary dismissal.

---

[1] Plaintiff's complaint is before this court pursuant to 42 U.S.C. § 1983. Section 1983 is the procedural mechanism through which Congress provided a private civil cause of action based on allegations of federal constitutional violations by persons acting under color of state law. The purpose of § 1983 is to deter state actors from using badge of their authority to deprive individuals of their *federally guaranteed* rights and to provide relief to victims if such deterrence fails.

2. Insufficient Allegations

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Although the court must liberally construe a pro se complaint, the United States Supreme Court has made it clear that a plaintiff must do more than make conclusory statements to state a claim. *See Ashcroft v. Iqbal*, 556 U.S. 662, 677–78 (2009); *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Rather, the complaint must contain sufficient factual matter, accepted as true, to state a claim that is plausible on its face, and the reviewing court need only accept as true the complaint's factual allegations, not its legal conclusions. *Iqbal*, 556 U.S. at 678–79.

Plaintiff's complaint does not contain any factual allegations of constitutional wrongdoing by any individual defendant. He states that his claims occurred over a period of three years and fails to provide any greater detail on timing, such as when those years began or ended, or how each defendant allegedly contributed to his injuries. Accordingly, Plaintiff's civil rights claim should be summarily dismissed. *See Leer v. Murphy*, 844 F.2d 628 (9th Cir. 1988) (noting "[s]weeping conclusory allegations against a prison official will not suffice"; an inmate must set forth specific facts as to each individual defendant's participation).

NOTICE CONCERNING AMENDMENT

Plaintiff may attempt to correct the defects in his complaint by filing an amended complaint by **June 27, 2023**, along with any appropriate service documents. Plaintiff is reminded that an amended complaint replaces the original complaint and should be complete in itself. *See Young v. City of Mount Ranier*, 238 F.3d 567, 572 (4th Cir. 2001) ("As a general rule, an amended pleading ordinarily supersedes the original and renders it of no legal effect.") (citation and internal quotation marks omitted). If Plaintiff files an amended complaint, the undersigned will conduct screening of the amended complaint pursuant to 28 U.S.C. § 1915A. If Plaintiff fails to file an amended complaint or fails to cure the deficiencies identified above, the undersigned will recommend to the district court that the claims be dismissed without leave for further amendment.

IT IS SO ORDERED.

July 6, 2023                                              Shiva V. Hodges
Columbia, South Carolina                    United States Magistrate Judge